HOREN et al., Appellants,

v.

BOARD OF EDUCATION OF the CITY OF TOLEDO
PUBLIC SCHOOL DISTRICT et al., Appellees.

[Cite as *Horen v. Toledo Pub. School Dist. Bd. of
Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1131.

Decided Dec. 21, 2007.

318

James P. Silk Jr., Lisa E. Pizza, John T. Madigan, Toledo Law Director, and Mark S. Schmollinger, for appellees.

Joanne E. Horen, for appellants.

SINGER, Judge.

{¶ 1} This accelerated appeal is from the March 20, 2007 judgment of the Lucas County Court of Common Pleas, which disqualified attorney Joanne E. Horen from acting as legal counsel for appellants, Glen S. Horen and Joanne E. Horen, individually and as next friend of their minor daughter, DeLaney. Upon consideration of the assignments of error, we affirm the decision of the lower court in part and reverse in part. Appellants assert the following assignments of error on appeal:

{¶ 2} "Assignment of Error No. 1: The trial court erred and n [sic] disqualifying Mrs. Horen pursuant to the Ohio Code of Professional Responsibility.

{¶ 3} "Assignment of Error No. 2: The trial court erred in disqualifying Mrs. Horen from serving as legal counsel when she had not been served the motion requesting her disqualification.

{¶ 4} "Assignment of Error No. 3: The trial court erred by ordering reports only from opposing counsel regarding pending administrative and criminal cases

when counsel representing appellants in those matters was not present and such information may be evidence in the pending civil matter."

{¶ 5} Glenn S. Horen and Joanne E. Horen, individually and as next friend of DeLaney G. Horen, filed a complaint on May 26, 2006 for a temporary restraining order and preliminary injunction against the Toledo Public School District and the city of Toledo pursuant to Civ.R. 65(A) and R.C. 2727.02. Claims against the Medical University of Ohio were later voluntarily dismissed without prejudice. The Horens asserted that their daughter, DeLaney, is a seven-year old, multi-disabled, nonverbal child who attends Glendale Feilbach Elementary School, operated by Toledo Public Schools. They assert that they and DeLaney have been wrongfully discriminated against because DeLaney's school will not permit her to participate in the school breakfast program, they are not permitted to enter their daughter's classroom, and they have not been treated fairly as promised in the Toledo Public Schools parental-involvement policy. Their amended complaint was submitted by appellants' attorneys, Thomas J. Zraik and Joanne E. Horen.

{¶ 6} On November 28, 2006, appellees moved to disqualify Joanne Horen as legal counsel for appellees pursuant to former DR 5–101(B) of the Code of Professional Responsibility (which was superseded February 1, 2007 by the Ohio Rules of Professional Conduct 1.7, 1.8, and 3.7). Appellees argued that attorney Horen could not act as legal counsel when she was named as a plaintiff and will be a witness in the case. At the beginning of a pretrial conference held on March 15, 2007, the judge signed the proposed order submitted by appellees and excluded attorney Horen from the conference. The order was journalized on March 20, 2007. Appellants then sought an appeal to this court.

{¶ 7} In their first assignment of error, appellants argue that the trial court abused its discretion when it disqualified attorney Horen from acting as their legal representative in all further proceedings in this case.

{¶ 8} Since the court's ruling was made after the effective date of the Ohio Rules of Professional Conduct (February 1, 2007), and the conduct at issue concerns an ongoing litigation, we apply the new applicable rule, Prof.Cond.R. 3.7. That rule provides:

{¶ 9} "(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

{¶ 10} "(1) the testimony relates to an uncontested issue;

{¶ 11} "(2) the testimony relates to the nature and value of legal services rendered in the case;

{¶ 12} "(3) the disqualification of the lawyer would work substantial hardship on the client.

{¶ 13} "(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's *firm* is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

{¶ 14} "(c) A government lawyer participating in a case shall not testify or offer the testimony of another lawyer in the same government agency, except where division (a) applies or where permitted by law." (Emphasis added.)

{¶ 15} The official comments to the rule further state: "(a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client."

{¶ 16} Prof.Cond.R. 3–7 is analogous to two prior Disciplinary Rules, DR 5–101(B) and 5–102. Under the prior rules, DR 5–101 governed the duty of a lawyer to decline employment when the lawyer's interests could impair his professional judgment. DR 5–101 stated:

{¶ 17} "(B) A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in the firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or lawyer in the firm may testify: (1) If the testimony will relate solely to an uncontested matter. (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony. (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client. (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case."

{¶ 18} Prior rule DR 5–102 governed the withdrawal of an attorney when he became a witness in the litigation after having taken employment as counsel for the client. Prof.Cond.R. 3–7(b) is analogous to DR 5–102(A) and (B). DR 5–102 provided:

{¶ 19} "(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

{¶ 20} "(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

{¶ 21} The Ohio Supreme Court exercises exclusive jurisdiction over the admission of lawyers to practice law in Ohio and over the discipline of those lawyers. *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 259–260, 31 OBR 459, 510 N.E.2d 379, citing *D.H. Overmyer Co., Inc. v. Robson* (C.A.6, 1984), 750 F.2d 31, 33, Section 5(B), Article IV of the Ohio Constitution, and Gov.Bar R. V. Nonetheless, lower courts have a duty to ensure that the attorneys who practice before it do not violate the Disciplinary Rules, and those courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court. Code of Judicial Conduct, Canon 3(B)(3); *Mentor Lagoons, Inc. v. Rubin*, supra, 31 Ohio St.3d at 259, 31 OBR 459, 510 N.E.2d 379 and *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 501 N.E.2d 617, quoting *Hahn v. Boeing Co.* (1980), 95 Wash.2d 28, 34, 621 P.2d 1263. However, because of the potential use of the advocate-witness rule for abuse, disqualification " 'is a drastic measure which should not be imposed unless absolutely necessary.' " *Waliszewski v. Caravona Builders, Inc.* (1998), 127 Ohio App.3d 429, 433, 713 N.E.2d 65, quoting *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 22, 601 N.E.2d 56. See also *A.B.B. Sanitec West, Inc. v. Weinsten*, 8th Dist. No. 88258, 2007-Ohio-2116, 2007 WL 1290076, ¶ 12 (applying the current Rules of Professional Conduct), and *Spivey v. Bender*, supra, wherein we noted that the "application of these standards cannot be resolved in a vacuum, and the ethical rules should not be blindly applied without consideration of relative hardships." 77 Ohio App.3d at 22, 601 N.E.2d 56. Furthermore, we quoted that " '[a] delicate balance must be struck between two competing considerations: the prerogative of a party to proceed with counsel of its choice and the need to uphold ethical conduct in courts of law.' " Id., quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.* (N.D.Ohio 1990), 738 F.Supp. 1121, 1124.

{¶ 22} Prior case law discussing the duty of an attorney representing a client when the attorney will or is likely to serve as a witness at trial is based upon the prior Disciplinary Rules. That prior case law provided that when the court is faced with the issue of an attorney acting as both a witness and counsel for a party, the court must consider the ethical question of whether the attorney can continue to act as counsel for a party by applying a two-part analysis: (1) first, determine whether the attorney's testimony is admissible and, if so, (2)

second, determine if disqualification is necessary and whether any of the exceptions to DR 5–102 are applicable. *155 N. High Ltd. v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 427, 650 N.E.2d 869, and *Mentor Lagoons, Inc. v. Rubin,* supra, 31 Ohio St.3d at 260, 31 OBR 459, 510 N.E.2d 379. The burden of proving that disqualification is necessary is upon the moving party. *Waliszewski v. Caravona Builders, Inc.,* 127 Ohio App.3d 429, 713 N.E.2d 65, and the burden of proving that one of the exceptions applies is upon the attorney seeking to claim the exception. *155 N. High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 650 N.E.2d 869, at syllabus. All of these principles are applicable to an analysis of the application of the new rules.

{¶ 23} The Preamble to the Ohio Rules of Professional Conduct states at paragraph 9: "The Ohio Rules of Professional Conduct often prescribe rules for a lawyer's conduct. Within the framework of these rules, however, many difficult issues of professional discretion can arise. These issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the rules."

{¶ 24} On appeal, we review the decision of the trial court under an abuse-of-discretion standard of review. *155 N. High Ltd. v.* Cincinnati Ins. Co., supra. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Thus, we cannot substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 25} We begin by addressing the issue of Horen representing her husband and child in this action. We note first that it can be anticipated that Horen will be providing substantial factual testimony that is central to claims in this proceeding.

{¶ 26} Exception 3 to Prof.Cond.R. 3.7(a), the only exception potentially applicable in this case, provides that disqualification of the lawyer should not occur if it would work *substantial* hardship on the client. Evaluation of what constitutes a substantial hardship involves the weighing of the interests of the client against those of the tribunal and the opposing party. Official Comment 3 to Prof.Cond.R. 3.7(a)(3). The court should consider:

{¶ 27} "[w]hether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard

**324**

must be given to the effect of disqualification on the lawyer's client."   Id. at Comment 4.

{¶ 28} Ohio courts have interpreted this exception under the prior Disciplinary Rules as requiring that the attorney prove that his counsel has a distinctive value and that the inability to utilize his counsel would result in a substantial hardship to the client.   *155 N. High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 650 N.E.2d 869.   "Distinctive value" is defined as legal expertise. Id. at 429, 650 N.E.2d 869.   Mere familiarity with the case or additional expenses is insufficient to meet this exception.   Id. at syllabus.   Even representation of a family member does not rise to the level of distinctive value.   *Hillman v. Kosnik,* 10th Dist. No. 05AP–122, 2005-Ohio-4679, 2005 WL 2160050, ¶ 13.   Cf. *Jackson v. Bellomy* (1995), 105 Ohio App.3d 341, 346, 663 N.E.2d 1328 (wherein the Tenth District held that disqualification was not necessary because there was no prejudice to the client shown by the husband/attorney's continued representation of his wife).

{¶ 29} The trial court did not consider whether substantial hardship to the clients would result from the removal of their attorney.   However, such error was not prejudicial in this case because appellants bore the burden of producing such evidence and did not.   Appellants did not present any evidence that attorney Horen had any unique legal expertise that required her participation in the case as counsel.   Therefore, there was no basis for the court to find that the failure to have attorney Horen represent her family members would cause substantial hardship for the family.   Appellants still have attorney Zraik representing them and, unlike a typical case where the attorney is employed by a client, the disqualified attorney still participates in the case as a party.   Therefore, we find that the trial court did not abuse its discretion by disqualifying attorney Horen as an attorney for her family in this litigation.

{¶ 30} Next, we address the issue of whether attorney Horen can represent herself in this case while also testifying as to the substantive facts of the case.   We could not find any Ohio appellate court that has directly addressed this issue.

{¶ 31} There are several federal courts that have addressed the issue and held that an attorney may always represent himself in his own litigation even if he must testify as to the substantive facts of the case.   Most recently, in *Cooke v. AT&T Corp.* (S.D.Ohio 2006), No. 2:05–CV–374, 2006 WL 1447415, at 3, the court held that there was no basis under DR 5–102(A) for removal of an attorney from representing himself or his wife because the attorney had an unqualified right to represent himself in civil litigation in a federal court, his testimony is cumulative, he is already subject to cross-examination regarding his own case, and the jury

would be able to understand that the attorney has a personal interest in the outcome of the two claims and it could evaluate the credibility of the attorney's testimony on that basis. The court further held that "American lawyers and the general public would be shocked by an interpretation of the ethics rules that would prohibit an attorney from representing his or her spouse in any case where the attorney might possess an overlapping claim or might be called upon to give testimony relating to the spouse's claim." Accord *BSW Dev. Group v. Dayton* (S.D.Ohio 1995), 1995 WL 1671908, at 2, citing *In re Am. Cable Publications, Inc.* (C.A.10, 1985), 768 F.2d 1194, and Section 1654, Title 28, U.S.Code. The court in the *BSW Dev. Group* case held that DR 5–101(B) and 5–102(A) do not require the disqualification of an attorney-witness acting as his own counsel; however, the attorney cannot represent his limited partnership because the attorney would testify as both a fact or lay witness and as an expert witness. Furthermore, in *Harrison v. Keystone Coca–Cola Bottling Co.* (M.D.Pa.1977), 428 F.Supp. 149, 152–153, the court held that an attorney has a right to represent himself, and implicit within that right is the right to be represented by the counsel of his own choosing, even another member of his law firm. Often, these cases are based in part upon Section 1654, Title 28, U.S.Code, which provides that parties may represent themselves in litigation in courts of the United States.

{¶ 32} State courts have also held that this type of disciplinary rule is not applicable to self-representation. We agree. See, for example, *Gorovitz v. Planning Bd. of Nantucket* (1985), 394 Mass. 246, 250, 475 N.E.2d 377 (DR 5–102 does not address the situation in which the lawyer is the party litigant and, furthermore, the underlying principles are not violated because any perception by the jury that an attorney lacked credibility would be attributed to his status as a litigant, not as an attorney). "A party litigant does not lose this right merely because he is a lawyer and therefore subject to DR 5–102." Id. at 249, 475 N.E.2d 377. See also *Angino v. Confederation Life Ins. Co.*, 37 Pa. D. & C.4th 38, 1997 WL 1073956 ("a party-attorney's right to represent himself must prevail over the policy considerations underpinning Pa.R.P.C. 3.7," which is identical to Ohio's rule).

{¶ 33} Furthermore, we note that the adoption of the Ohio Rules of Professional Conduct by the Ohio Supreme Court did not change substantially the conduct prohibited in DR 5–101(B) and 5–102(A). Although not adopted by the Ohio Supreme Court as part of the Rules, neither the Comparison to the former Ohio Code of Professional Responsibility nor the Comparison to the ABA Model Rules of Professional Conduct appended to R.3.17 discuss the issue of attorney self-representation. Further, the adoption of the ABA Model Rules resulted in a reorganization of Ohio's ethical rules. Canon 5 of the Ohio Code of Responsibility is titled, "A Lawyer Should Exercise Independent Professional Judgment on

Behalf of a Client." DR 5–101(B) and 5–102(A) are contained in that canon as well as the Ethical Considerations ("EC") published within Canon 5. EC 5–9 discusses the ethical problem when an attorney is both witness and advocate: "the function of an advocate is to advance or argue the cause of another." A self-represented lawyer advances or argues only her cause. The concerns of impeachability and credibility that could potentially harm another person are not present. Prof.Cond.R. 3.7(a) is accordingly contained in the third section of the Rules, denominated "Advocate."

{¶ 34} Therefore, we find that the trial court erred as a matter of law when it applied the rule to attorney Horen and disqualified her from serving as her own counsel in this case.

{¶ 35} We find appellants' first assignment of error not well taken in part and well taken in part. While the court could disqualify attorney Horen as counsel for her family, it could not disqualify her as her own counsel.

{¶ 36} In her second assignment of error, appellants argue that the trial court erred in disqualifying attorney Horen as counsel for appellants when she had not been served with notice of the motion to disqualify. While the motion should have been served upon all counsel of record as a matter of professional courtesy, the fact that it was served upon Horen's co-counsel was sufficient to put appellants on notice that the issue was before the court. Therefore, appellants' second assignment of error is not well taken.

{¶ 37} In their third assignment of error, appellants argue that the trial court erred when it directed only opposing counsel to provide reports regarding pending administrative and criminal actions against the Horens without giving the attorney who represented the family in those matters an opportunity to respond.

{¶ 38} We find that this issue is not properly before this court. This appeal was taken from the order of the trial court disqualifying appellants' attorney. There was no final, appealable ruling made regarding other matters which occurred at the pretrial hearing. No transcript of that hearing was prepared for appeal. Therefore, we find appellants' third assignment of error not well taken.

{¶ 39} Having found that the trial court did commit error prejudicial to appellants in part, we affirm in part and reverse in part the judgment of the Lucas County Court of Common Pleas. The trial court's decision is reversed only insofar as attorney Horen was disqualified from acting as her own attorney in this case. In all other respects, the judgment of the trial court is affirmed.

This case is remanded to the lower court for further proceedings not inconsistent with this decision.

Judgment accordingly.

PIETRYKOWSKI, P.J., concurs.

HANDWORK, J., dissents.

HANDWORK, Judge, dissenting.

{¶ 40} I write separately to dissent as to the majority's ruling on the first assignment of error relating to the ability of attorney Horen to act as her own counsel and testify as to the facts of this case. The cases cited by the majority are only persuasive authority. I believe that Prof.Cond.R. 3.7(a) speaks for itself when it provides: "A lawyer *shall not* act as an advocate at a trial in which the lawyer is likely to be a necessary witness* * *." (Emphasis added.) The Preamble to the Ohio Rules of Professional Conduct states that "some of the rules are imperatives, cast in the terms 'shall' or 'shall not.' These define proper conduct for purposes of professional discipline." Therefore, a literal reading of the new rule prohibits an attorney from acting as his own counsel even with respect to his own litigation. Employment as an attorney is not a part of the language of the Professional Conduct Rules as it was under the former ethical and Disciplinary Rules. Had the Ohio Supreme Court intended to provide an exception for attorneys acting as their own counsel, it could have done so. Therefore, I would conclude that it was not an abuse of discretion for the trial court to interpret the rule as it did and disqualify attorney Horen from acting as her own counsel in this case.