[Cite as *Bank of New York v. Aponte*, 2013-Ohio-4360.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK, | ) | |
| | ) | CASE NO.  12 MA 125 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| FELIX R. APONTE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
                               Court, Case No. 10 CV 4681.

JUDGMENT:                      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Wayne Ulbrich
                               Lerner, Sampson & Rothfus
                               P.O. Box 5480
                               Cincinnati, OH  45201-5480

                               Attorney David A. Wallace
                               Attorney Karen M. Cadieux
                               Carpenter, Lipps & Leland LLP
                               280 Plaza Suite
                               280 North High Street
                               Columbus, OH  43215

For Defendants-Appellants:     Attorney Bruce Broyles
                               5815 Market Street, Suite 2
                               Youngstown, OH  44512

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                               Dated: September 24, 2013

DeGenaro, P.J.

{¶1}   Defendants-Appellants, Felix R. and Barbara Aponte, appeal the decision of the Mahoning County Court of Common Pleas granting Plaintiff-Appellee, The Bank of New York Mellon Trust Company's motion to disqualify the Apontes' counsel on the basis of a conflict of interest.   On appeal, the Apontes argue that the trial court erred in disqualifying their counsel based upon an alleged conflict of interest pursuant to the rules of professional conduct and upon an apparent conflict of interest.

{¶2}   Upon review, the Apontes' arguments are meritless.  Broyles representing both sides in the same lawsuit constitutes a conflict of interest which NY Mellon did not waive and creates the appearance of impropriety.   The trial court did not err in disqualifying Broyles from continuing to represent the Apontes based upon his representation of NY Mellon at the default judgment hearing.  Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3}   On December 17, 2010, NY Mellon filed a complaint in foreclosure against the Apontes, who did not file an answer.  On February 24, 2011, NY Mellon filed a motion for default judgment.

{¶4}   At the April 5, 2011 hearing for default judgment, Attorney Bruce Broyles appeared on behalf of NY Mellon, and the Apontes did not appear.  Broyles presented a judgment entry and the trial court entered default judgment and a decree of foreclosure on that date against the Apontes in favor of NY Mellon.

{¶5}   Ten months later, the property was scheduled to be sold on February 14, 2012, and Broyles was retained by the Apontes to represent them in the foreclosure proceedings.  On February 9, 2012, Broyles filed on their behalf a motion for relief from judgment and a stay of execution seeking, inter alia, cancellation of the sheriff's sale. The trial court cancelled the sheriff's sale on February 13, 2012, and one month later NY Mellon filed a memorandum in opposition to the Apontes's motion for relief from judgment.

{¶6}   On May 7, 2012, NY Mellon filed a motion to disqualify Broyles as counsel for the Apontes based on his previous representation of NY Mellon, and Broyles filed an

opposition brief on the Apontes' behalf. On May 23, 2012, the magistrate sustained NY Mellon's motions to disqualify Broyles and striking the Civ.R. 60(B) motion he had filed on the Apontes' behalf, finding that there was an apparent conflict of interest.

{¶7} On June 6, 2012, Broyles filed objections to the magistrate's decision on behalf of the Apontes alleging his disqualification from representing the Apontes was an error of law. In its June 12, 2012 judgment entry the trial court overruled the objections and adopted the magistrate's decision in whole:

"Due to the apparent inadvertence of counsel's conflict, Defendant Aponte shall have 45 days to obtain new counsel and an additional 15 days to re-file his motion for relief from judgment, per Civ.R. 60(B). Plaintiff shall have 15 days to file any response to said motion(s) of Defendant."

**Disqualification of Counsel**

{¶8} On appeal the Apontes assert two assignments of error which are interrelated and will be discussed together:

{¶9} "The trial court erred in disqualifying counsel based solely upon an alleged conflict of interest pursuant to Prof. Cond. Rule 19(a) [sic]."

{¶10} "The trial court abused its discretion in disqualifying counsel based upon the apparent conflict of interest."

{¶11} The trial court has wide latitude when considering a motion to disqualify counsel. *Spivey v. Bender*, 77 Ohio App.3d 17, 22, 601 N.E.2d 56 (7th Dist.1991). The order to disqualify an attorney from representing a client in a civil case is a final appealable order pursuant to R.C. 2505.02(B)(4), *Westfall v. Cross*, 144 Ohio App.3d 211, 218-219, 2001-Ohio-3299, 759 N.E.2d 881 (7th Dist.2001) subject to an abuse of discretion standard of review. *155 N. High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 1995-Ohio-85, 650 N.E.2d 869. "The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." In re *S.S.L.S.*, 7th Dist. Columbiana No. 12 CO 8, 2013-Ohio-3026, ¶22. Any doubts as to the existence

of an asserted conflict of interest must be resolved in favor of disqualification in order to dispel any appearance of impropriety. *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 11, 1998-Ohio-439, 688 N.E.2d 258.

**{¶12}** Broyles alternatively argues on behalf of the Apontes that the limited scope of his prior representation of NY Mellon in this matter, covering a default hearing for NY Mellon's counsel of record, creates neither a conflict of interest, nor constitutes a violation of Prof. Cond. Rule 1.9(a). NY Mellon argues that disqualification was proper because representing both sides in the same lawsuit is a clear conflict of interest which NY Mellon did not waive and which also has the appearance of impropriety.

**{¶13}** Ohio Rule of Professional Conduct Rule 1.9(a) discusses an attorney's duties to former clients: "Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." *Id*. It is undisputed that NY Mellon did not give consent to Broyles to represent the Apontes in this matter.

**{¶14}** This court has applied a three-part test for disqualification of counsel due to a conflict of interest: "1) a past attorney-client relationship must have existed between the party seeking disqualification and the attorney he or she wishes to disqualify; 2) the subject matter of the past relationship must have been substantially related to the present case; and 3) the attorney must have acquired confidential information from the party seeking disqualification." *City of Youngstown v. Joenub, Inc.*, 7th Dist. Mahoning No. 01-CA-01, 2001-Ohio-3401, ¶15, citing *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio,* 900 F.2d 882, 889 (6th Cir.1990).

**{¶15}** Turning to the first prong, Broyles argues that there was no prior attorney-client relationship between him and NY Mellon. Broyles admits to attending the default judgment hearing and two other hearings unrelated to this appeal, at the request of the law firm of Lerner, Sampson and Rothfuss who represented NY Mellon. Broyles attended the hearing, waited until the Apontes did not appear and left documents, including the

judgment entry and decree in foreclosure, with the magistrate. Broyles then invoiced the firm for his services. Broyles contends that he was providing a service to the law firm and not to NY Mellon as he had no authority to make any representations to the court and did not advocate for any position in the case. He provides no case law to support this proposition.

{¶16} Contrary to Broyles assertion, an attorney-client relationship may be created by implication based upon the conduct of the parties and the reasonable expectations of the person seeking representation. *See Cuyahoga County Bar Association v. Hardiman*, 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, syllabus. Broyles appeared at the default judgment hearing on behalf of NY Mellon. He invoiced for this service and received payment for same. Based on these facts, it is reasonable that NY Mellon believed an attorney-client relationship had been formed. This prong has been met.

{¶17} As to the second prong, the subject matter of the past relationship must have been substantially related to the present case. Under Prof. Cond.R. 1.0(n), "substantially related matter" "involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter." This prong has been met. Disqualification is based upon Broyles' representation of both parties within the same transaction: first, appearing on behalf of NY Mellon at the default judgment hearing and obtaining judgment in the foreclosure action initiated by NY Mellon *against* the Apontes; and then seven months later filing for relief from judgment and successfully having the sheriff's sale of the home cancelled *on behalf of* the Apontes.

{¶18} Regarding the third prong, the attorney must have acquired confidential information from the party seeking disqualification. Broyles maintains that he never acquired confidential information as he was merely appearance counsel and had no ability to take action on behalf of NY Mellon.

"Where an attorney himself represented a client in matters substantially

related to those embraced by a subsequent case he wishes to bring against the former client, he is irrebuttably presumed to have benefitted from confidential information relevant to the current case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client." *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶ 26, citing *Cleveland v. Cleveland Elec. Illuminating Co.*, 440 F.Supp. 193, 210 (1976).

**{¶19}** We are persuaded by the analysis of our sister district. It logically follows this presumption applies to an attorney who represents a client in the *same case* against a former client, a situation fraught with more, rather than less, confidentiality concerns on the part of the former client. As Broyles represented NY Mellon in the same case it is not necessary to demonstrate he was actually exposed to specific confidences; Broyles is irrebuttably presumed to have benefitted from confidential information. Thus, all three prongs of the disqualification test articulated in *Joenub* and *Dana* have been met.

**Appearance of Impropriety**

**{¶20}** Although the conflict in this case is clear, even in a close case disqualification is favored to dispel any appearance of impropriety that an asserted conflict of interest presents. In *Kala, supra,* the Ohio Supreme Court affirmed the appellate court's decision disqualifying a law firm from continuing to represent their client in an appellate proceeding due to the appearance of impropriety. *Id.* at 14, 688 N.E.2d 258. The law firm represented the employer-defendant in a wrongful termination action at the trial court level and, after appellate proceedings commenced, the law firm employed the attorney that had been representing the employee-plaintiff at trial. *Id.* at 2, 688 N.E.2d 258. The Ohio Supreme Court recognized that the employee's former attorney possessed the plaintiff's confidences and secrets, and imposed a presumption that the former attorney for the employee revealed the confidences and secrets to the law firm representing the employer given that the former attorney and the law firm had been involved in the wrongful termination litigation at the trial court level as opposing counsel.

*Id.* at 13, 688 N.E.2d 258**.**

**{¶21}** The Ohio Supreme Court then concluded that, despite the law firm's claims that it took steps to ensure that the employee-plaintiff's former attorney did not reveal confidences and secrets to the law firm which was still representing the employer-defendant on appeal, "[t]he appearance of impropriety is so strong that nothing that [the law firm representing the employer] could have done would have had any effect on [the employee-plaintiff's] perception that his personal attorney had abandoned him with all of his shared confidences[.]" *Id.* at 14, 688 N.E.2d 258. "No steps of any kind could possibly replace the trust and confidence that [the employee-plaintiff] had in his attorney or in the legal system" if the appellate court had allowed the law firm to continue to represent the employer-defendant. *Id.*

**{¶22}** The same rationale applies to the present case. Permitting Broyles to represent the Apontes and attempt to vacate the very judgment he obtained on behalf of NY Mellon offends the notions of trust and confidence that the public, including NY Mellon, have when retaining counsel and in our legal system. Disqualification was necessary and proper to dispel the appearance of impropriety in this case.

**{¶23}** In sum, the Apontes's arguments are meritless. Broyles representing both sides in the same lawsuit constitutes a conflict of interest which NY Mellon did not waive and creates the appearance of impropriety. The trial court did not err in disqualifying Broyles from continuing to represent the Apontes based upon his representation of NY Mellon at the default judgment hearing. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.