[Cite as *Suhay v. Fade*, 2020-Ohio-2893.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD SUHAY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-A-0063** |
| VILMA FADE, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2017 CV 0043.

Judgment: Reversed and remanded.

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Patrick D. Quinn,* Quinn Legal Associates, 2802 SOM Center Road, Suite 102, Willoughby Hills, OH 44094; and *Ronald A. Annotico,* 5335 Broadview Road, Parma, OH 44135 (For Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Richard Suhay ("Suhay"), appeals a judgment in the Ashtabula County Court of Common Pleas in favor of appellees, Vilma and William Fade ("the Fades"), disqualifying Attorney Robert Wynn ("Attorney Wynn") from representing Suhay. We reverse the trial court's judgment.

{¶2} The underlying case was instituted on January 18, 2017. Prior to that date, John Poss—who was succeeded in interest by the Fades after his death—and

Marilyn Morris ("Morris") had already participated in substantial litigation for over twenty years regarding a parcel of land ("the Property"). The following background information was provided by the Supreme Court of Ohio in *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452:

> In November 1992, the Ashtabula County Court of Common Pleas entered a judgment in favor of John Poss and against Marilyn Morris in the amount of $149,750 plus interest in *Poss v. Morris*, Ashtabula C.P. No. 80956. When Poss experienced difficulties in enforcing the judgment against Morris, he filed a forcible-entry-and-detainer action against her.
>
> Poss and Morris settled the dispute concerning the enforcement of the judgment with a July 19, 1993 agreement under which Morris agreed to convey her property to Poss and Morris would be permitted to remain in a building on a 2.505-acre tract of the property until January 1, 1994. The parties specified that the "agreement constitutes a full and complete release between the parties and John Poss will release his judgment lien and mortgage lien upon receipt of the deed to the property." Just a few days before the agreement was executed, Morris filed a motion in the common pleas court to enforce the settlement. On September 16, 1993, the common pleas court incorporated the parties' settlement agreement into the judgment of the court.
>
> Morris subsequently filed for bankruptcy in 1995, which resulted in further litigation regarding the property. The United States Court of Appeals for the Sixth Circuit held that because of the 1993 judgment in favor of Poss, a constructive trust had been imposed on the property in his favor, and thus the property was not affected by Morris's bankruptcy filing. *In re Morris* (C.A.6, 2001), 260 F.3d 654.
>
> In December 2002, Poss filed a motion in the common pleas court for an order that Morris transfer the property to him as she had agreed. Arguments on the motion were heard in April 2003. On November 4, 2003, before the court ruled on Poss's motion, Morris transferred the property to Skyway. Skyway's attorney knew of the previous litigation, but concluded that Skyway was a bona fide purchaser for value.

*Id.* at ¶2-5.

{¶3} Relevant to the present appeal, Attorney Wynn filed the complaint to foreclose the judgment lien. He had represented Morris through all of the previous litigation set forth above. He also represented both Suhay and Skyway Investment Corp. ("Skyway"), which is owned and operated by Suhay, in various actions related to the ongoing dispute and alleged fraudulent transfer of the Property. Both Suhay and Morris gave consent in writing to allow Attorney Wynn to represent Suhay in the present matter.

{¶4} Ultimately, the 2003 transfer of the Property to Skyway by Morris was determined to be fraudulent on October 30, 2012, and was thus null and void. However, several months later, Suhay filed a complaint in Geauga County against Morris and obtained a judgment on a cognovit note executed by Morris. He filed a certificate of that judgment in Ashtabula County, which established a lien on the Property. Attorney Wynn represented Suhay in obtaining judgment against Morris on the cognovit note.

{¶5} Suhay filed a complaint to foreclose his judgment lien on the Property in the present matter. He named Morris as a defendant, alleging she either has claimed or may claim an interest in the Property. The Fades answered and filed counterclaims against Suhay, as well as cross claims against Morris. The counterclaims alleged, inter alia, frivolous conduct on the part of Suhay in filing the foreclosure action. Attorney William Collier filed an answer to the cross claims on behalf of Morris, and Attorney Wynn filed an answer to the counterclaims on behalf of Suhay. The Fades initially filed a motion for summary judgment on the complaint, which the trial court granted. The

3

Fades then filed a motion to disqualify Attorney Wynn from representing Suhay. The counterclaims and cross claims remain pending.

{¶6} A magistrate's decision was filed on March 8, 2019, on the motion to disqualify following a hearing in the matter. In the decision, the magistrate recommended granting the motion to disqualify Attorney Wynn as counsel for Suhay under the "inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court." The trial court adopted the recommendation of the magistrate. It based its decision, as the Fades assert in their appellate brief, on Ohio Rules of Professional Conduct 1.7 and 1.9, while specifically not ruling on the issues of (1) Attorney Wynn's potential conflict due to personal financial interest under Prof.Cond.R. 1.7(a)(2) in being subject to a counterclaim for attorney fees, and (2) Attorney Wynn's necessity to serve as a witness in the case under Prof.Cond.R. 3.7. The trial court upheld and affirmed the magistrate's decision over objections from Suhay on July 19, 2019, and made the following statements regarding Attorney Wynn's necessity to appear as a witness on the counterclaims under Prof.Cond.R. 3.7:

> 8. Both the plaintiff and defendant Morris object that there is no evidence as to what counsel may be asked to testify about. The Magistrate stated that she was not ruling on the necessity of either or both attorneys serving as witnesses, other than to note that testimony might be admissible as to some issues and inadmissible as to others. However, since counsel have raised it, the Magistrate also noted Marilyn Morris has testified that she has no idea who created the promissory note and that she doesn't even remember how it came about. Richard Suhay has testified that he never saw the note prior to the date of his deposition, that he did not know it existed, that he did not ask anyone to create it, and that he did not know who did create it. The answers to questions of this nature are

4

relevant and material to the issues raised in the Fades' counterclaim and crossclaim. Since Suhay and Morris have already testified to their lack of knowledge, the issue seems to be whether their attorneys' testimony is necessary and whether the testimony is obtainable elsewhere.

9. The plaintiff and defendant Morris object that the Magistrate's decision fails to consider the plight of these parties if their counsel is disqualified and assert that disqualification is draconian. The objections do not elaborate on what that plight would be. Presumably, they would seek representation by counsel who do not face the variety of issues regarding the representation of different parties in the case by the counsel, at different times in the history of the litigation. The potential issue of their attorneys' personal interests, and the potential that their attorneys may serve as witnesses, as noted by the Magistrate.

{¶7} Suhay filed a timely notice of appeal and raises one assignment of error for our review. Suhay's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND OTHERWISE COMMITTED PREJUDICIAL ERROR WHEN IT APPROVED AND AFFIRMED THE MAGISTRATE'S DECISION OF MARCH 8, 2019 AND WHEN IT DISQUALIFIED ATTORNEY WYNN FROM FURTHER REPRESENTATION OF APPELLANT SUHAY.

{¶8} Initially, we note that an order disqualifying an attorney from representing a client in a civil case is a final, appealable order pursuant to R.C. 2505.02(B)(4). *Westfall v. Cross*, 144 Ohio App.3d 211, 218-219 (7th Dist.2001); *Fordeley v. Fordeley*, 11th Dist. Trumbull No. 2014-T-0079, 2015-Ohio-2610, ¶22.

{¶9} Furthermore, it is well accepted that disqualification of an attorney is a drastic measure that should not be imposed unless necessary. *Kala v. Aluminum Smelting & Refining Co.*, Inc., 81 Ohio St.3d 1, 6 (1998), citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982). "Despite a general policy against attorney disqualification, a trial court has wide discretion when considering

5

motions to disqualify counsel." *Douglass v. Priddy*, 11th Dist. Geauga No. 2013-G-3172, 2014-Ohio-2881, ¶16, citing *Maple Heights v. Redi Car Wash*, 51 Ohio App.3d 60, 61 (8th Dist.1988). A trial court's determination on whether to grant a motion to disqualify will not be reversed upon review in the absence of an abuse of discretion. *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶18, citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426 (1995). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶10} Although courts typically do not disqualify attorneys on the grounds of conflict of interest unless the attorney-client relationship is between the party seeking disqualification and the attorney the party seeks to disqualify, trial courts also have the "'inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Ohio Rules of Professional Conduct and when such action is necessary to protect the dignity and authority of the court.'" *Fordeley*, *supra*, at ¶25, quoting *Horen v. City of Toledo Public School Dist.*, 174 Ohio App.3d 317, 2007-Ohio-6883, ¶21 (6th Dist.). The Supreme Court of Ohio addressed this alternative means of disqualification in *Morgan v. N. Coast Cable Co.*, 63 Ohio St.3d 156 (1992), stating:

> Typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify. *See In re Yarn Processing Patent Validity, Celanese Corp. v. Leesona Corp.* (C.A.5, 1976), 530 F.2d 83, and cases cited therein; *see, also, Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio* (C.A.6, 1990), 900 F.2d 882. Many courts that have dealt with the issue of whether

6

disqualification of counsel is proper have looked to their respective codes of professional responsibility for guidance. Our research indicates that courts in Ohio are not an exception to this practice.

*Id.* at 159 (footnote omitted).

{¶11} Rule 1.9(a) of the Ohio Rules of Professional Conduct sets forth an attorney's duties to former clients: "Unless the former client gives *informed consent*, *confirmed in writing*, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client." (Emphasis sic.) A matter is deemed to be substantially related when it "involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter." Prof.Cond.R. 1.0(n).

{¶12} Rule 1.7(c)(2) of the Ohio Rules of Professional Conduct further limits representation of an affected client—even where informed consent in writing is acquired—where "the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding."

{¶13} In the matter sub judice, it is undisputed that no attorney-client relationship exists or existed between the Fades—the party seeking disqualification—and Attorney Wynn—the attorney the party is seeking to disqualify. The trial court acknowledged this and therefore cited the Rules of Professional Conduct as justification for granting a disqualification. However, the rules cited by the trial court also do not warrant disqualification.

{¶14} Pursuant to Rule 1.9(a), both Suhay and Morris gave informed consent in writing to allow Attorney Wynn to represent Suhay in the present matter. The informed, written consent exception allows for Attorney Wynn to represent Suhay under Rule 1.9 in these circumstances.

{¶15} Further, of relevance to both Rules 1.7 and 1.9, there is no materially adverse claim being made against Morris. Suhay brought a foreclosure action regarding property owned by the Fades based on a lien he believed entitled him to foreclose on the property. Morris no longer has an interest in the property and stands to lose nothing based on the results of the proceeding. Being named as a defendant on the basis of having a potential interest in the property does not put her in an adverse position with regard to Suhay's foreclosure claim, and therefore Rule 1.7(c)(2) is not applicable.

{¶16} Because both Morris and Suhay gave informed consent in writing to the representation of Suhay by Attorney Wynn, any potential conflict under Prof.Cond.R. 1.9 was validly waived by the parties. Further, because there was no assertion of a claim by one client against another client represented by the lawyer in the same proceeding under Prof.Cond.R. 1.7, that rule is inapposite to the parties. Therefore, the trial court's disqualification of Attorney Wynn under Rule 1.7 and 1.9 is error.

{¶17} Suhay's sole assignment of error has merit.

{¶18} At this point, it is not clear from the record that Attorney Wynn has actually been called to testify. The issue of whether Attorney Wynn is a necessary witness in the matter remains undetermined. Rule 3.7(a) of the Ohio Rules of Professional Conduct provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) the disqualification of the lawyer would work *substantial* hardship on the client.

(Emphasis sic.)

{¶19} In the event Attorney Wynn is called to testify, the trial court will need to determine, under under Prof.Cond.R. 3.7, whether he should be disqualified on the basis that he is a necessary witness in litigating the Fades' remaining counterclaims upon remand.

{¶20} The judgment of the Ashtabula County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

9