[Cite as *Hoag v. Ent. Holdings*, 2021-Ohio-506.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSEPH M. HOAG,                           :

    Plaintiff-Appellant,          :

                            No. 109461

    v.                            :

ENTERPRISE HOLDINGS, ET AL.,              :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED IN PART, DISMISSED IN PART
**RELEASED AND JOURNALIZED:**  February 25, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915376

---

### *Appearances:*

Michael P. Harvey, *for appellant.*

Seeley, Savidge, Ebert & Gourash Co., L.P.A., Hunter S. Havens, and Terese M. Fennell, *for appellees.*

MARY EILEEN KILBANE, J.:

{¶ 1}  Plaintiff-appellant, Joseph M. Hoag ("Hoag"), appeals the trial court's decision granting defendants-appellees', Enterprise Holdings et al. ("Appellees"), motion to disqualify Hoag's attorney.  We find that the trial court abused its discretion in granting the motion to disqualify.  Hoag also appeals the decision of

the trial court denying his motion to compel business records. We find that the denial of a motion to compel is not a final appealable order.

**Statement of Facts and Procedural History**

{¶ 2} On July 19, 2018, defendant Brian L. Grays, Jr. ("Grays") allegedly crashed his rented vehicle into Hoag's car at the intersection of East 49th Street and Quincy Avenue in Cleveland, Ohio. Hoag filed a complaint on August 6, 2018, against Grays and Ronnea Shuntay, a passenger in the car. That case, CV-18-901705, was litigated for well over a year and ultimately resulted in a default judgment against Grays.

{¶ 3} During the course of the litigation, Hoag served Enterprise Holdings, Inc. ("Enterprise") with a subpoena on September 18, 2018, requesting certain documents be produced. That request was forwarded to Abigail Boyer ("Boyer"), a claims professional for ELCO Administrative Service Company ("ELCO"). ELCO handles all claims brought against Enterprise Rent-A-Car. Boyer forwarded certain documents to Hoag; however, Hoag filed a motion to enforce a subpoena against Enterprise arguing that Enterprise had not forwarded all the relevant documentation. On December 4, 2018, the trial court denied the motion.

{¶ 4} After resolving the underlying case with Grays through a default judgment on May 15, 2019, Hoag filed a new complaint. Hoag filed a complaint against Grays, Enterprise, Boyer, ELCO, and other corporate entities associated with Enterprise. In that complaint, filed in case CV-19-915376, Hoag alleged: 1) violation

of Ohio public policy and Ohio law; 2) declaratory judgment; 3) breach of settlement; and 4) bad faith.

{¶ 5} First, Hoag is alleging that Enterprise is in violation of Ohio law and public policy for not requiring that Grays, and presumably other customers of Enterprise, have insurance to protect against accidents with other drivers. Hoag alleges that Enterprise only requires that renters have insurance that protects Enterprise's vehicles. In particular, Hoag is alleging that Enterprise is violating Ohio law and public policy by not requiring all renters to have personal insurance. Second, Hoag alleges that Enterprise operated in bad faith by not responding fully to discovery requests in an attempt to hide their wrongdoing. These issues are not the focus of this appeal.

{¶ 6} This appeal concerns Hoag's breach of settlement claim against Enterprise. Hoag alleges that his counsel, Michael P. Harvey ("Harvey"), had conversations with a representative for Enterprise over the phone and they reached a settlement agreement. Hoag alleges that Boyer confirmed this settlement offer for $25,000.00 and that she made the offer on behalf of the Appellees. Hoag included a letter in his complaint from Hunter S. Havens ("Havens"), an attorney for the Appellees, dated November 30, 2018, denying that Boyer had made any settlement offer or had admitted to any culpability on behalf of Enterprise.

{¶ 7} On June 13, 2019, the Appellees filed a motion to consolidate CV-18-901705 and CV-19-915376. On June 14, 2019, the Appellees filed their answer to the

complaint. On June 17, 2019, Hoag filed a notice of dismissal in CV-18-901705, and the motion to consolidate was denied as moot on June 19, 2019.

{¶ 8} On June 19, 2019, the defendants filed a motion to bifurcate Hoag's claims for compensatory and punitive damages. The trial court granted that motion on July 8, 2019. On August 8, 2019, the counsel of record attended a case management conference. The court ordered that all discovery be completed by December 31, 2019. On September 12, 2019, Hoag filed a motion to compel business records, arguing that the discovery he had received thus far was insufficient. The defendants filed a brief in opposition on September 19, 2019.

{¶ 9} On September 24, 2019, the defendants filed a motion to disqualify Harvey, Hoag's attorney, arguing that he was a necessary witness to the breach of settlement claim.

{¶ 10} On October 15, 2019, the trial court denied Hoag's motion to compel.

{¶ 11} On December 17, 2019, the trial court held a hearing on the motion to disqualify. During the course of the hearing, Harvey admitted that he would appear as a witness during the trial in order to give testimony regarding the alleged settlement offer he had received. The trial court noted that because there was no written agreement, Harvey's testimony was necessary. The trial court stated that the motion to disqualify was filed four months after Enterprise was made a party, and that it was therefore timely.

{¶ 12} On January 29, 2020, the trial court granted the motion to disqualify. This appeal follows. Hoag presents two assignments of error for our review.

## Assignments of Error

First Assignment of Error

The trial court abused its discretion in granting the Appellees' untimely Motion to Disqualify and ignoring Mr. Hoag's testimony that he cannot afford new counsel and will have to proceed pro se.

Second Assignment of Error

The Trial Court abused its discretion in denying the Appellant's Motion to Compel for business records by improperly classifying them as confidential and otherwise refusing to enforce Ohio Civil Rules 26-36.

## Motion to Disqualify

{¶ 13} We will first examine whether the trial court abused its discretion in granting the motion to disqualify. The Appellees filed the motion because one of Hoag's claims relies on Harvey's potential testimony and they argue he should not be both Hoag's advocate and his witness.

{¶ 14} Pursuant to Prof.Cond.R. 3.7:

A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work substantial hardship on the client.

{¶ 15} Harvey, Hoag's attorney, does not dispute that his testimony relates to a contested issue. He also does not argue that his testimony relates to the "nature and value of legal services rendered in the case." Instead, Hoag argues that the trial

court abused its discretion for two reasons: 1) the motion to disqualify is untimely and therefore waived; and 2) Hoag would face a substantial hardship if his attorney were disqualified. We agree on both counts and find that the court abused its discretion.

{¶ 16} In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard. *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995), citing *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 501 N.E.2d 617 (1986); *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987). "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 17} We are mindful that "[d]isqualification of an attorney is a drastic measure, which should not be imposed unless absolutely necessary." *Quiros v. Morales*, 8th Dist. Cuyahoga No. 894274, 2007-Ohio-5442, ¶ 15; *Roth v. Roth*, 8th Dist. Cuyahoga No. 89141, 2008-Ohio-927, ¶ 70. Disqualification interferes with a client's right to choose counsel. *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 5-6, 688 N.E.2d 258 (1998), citing *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222 (6th Cir.1988); *A.B.B. Sanitec W., Inc. v. Weinsten*, 8th Dist. Cuyahoga No. 88258, 2007-Ohio-2116.

{¶ 18} Moreover, "[w]hile motions to disqualify may be legitimate and necessary under certain circumstances, they should be viewed with extreme caution for they can be misused as techniques of harassment." *Cliffs Sales Co. v. Am. S.S. Co.*, N.D. Ohio No. 1:07-CV-485, 2007 U.S. Dist. LEXIS 74342, 7 (Oct. 4, 2007), quoting *SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F.Supp.2d 863, 865-866 (S.D.Ohio 2002), citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982). "It is the burden of the party moving for disqualification of an attorney to demonstrate that * * * disqualification is necessary." *Id.,* citing *Mentor Lagoons v. Teague*, 71 Ohio App.3d 719, 595 N.E.2d 392 (11th Dist.1991).

{¶ 19} In summary, courts must be diligent to ensure that motions to disqualify are not used to harass. Granting a motion to disqualify is a drastic step, which is why the initial burden of proving the necessity of disqualification is placed on the moving party. Similarly, courts must be diligent to ensure that motions to disqualify are timely.

**Waiver**

{¶ 20} There is no strict time requirement for filing a motion to disqualify, however, "[t]he time within which to raise an objection is promptly after the onset of litigation or within a reasonable time once all pertinent facts are known." *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶ 30, citing *Barberton Rescue Mission v. Hawthorn*, 9th Dist. Summit No. 21220, 2003-Ohio-1135. Therefore, the finding of waiver is "dependent on the circumstances of each case." *Carr* at ¶ 31.

{¶ 21} In *Carr*, the motion to disqualify was based on a conflict of interest rather than an attorney acting as a necessary witness. We again addressed waiver as to conflict of interest in *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696. Although here we are addressing a motion to disqualify based on different grounds, we find that the analysis used for a conflict of interest still applies.

{¶ 22} We have found that a motion to disqualify should be denied based on waiver where "there is substantial proof that the movant's delay has resulted in serious prejudice to the opposing party, or where litigation has proceeded to the point where disqualification would create substantial hardship to the opposing party, or where it is clear that the moving party knowingly delayed the filing of the motion in order to cause such hardship or prejudice." *Bobeck*, citing *Sarbey v. Natl. City Bank, Akron*, 66 Ohio App. 3d 18, 28, 583 N.E.2d 392 (9th Dist.1990).

{¶ 23} We find that this is an appropriate case to deny the motion to disqualify based on waiver because of the Appellees' delay in filing the motion to disqualify and because litigation has proceeded to the point where disqualifying Hoag's attorney would create a substantial hardship.

**Delay in filing the Motion to Disqualify**

{¶ 24} The trial court stated that because the Appellees were not a party to the original suit, and because they filed the motion to disqualify four months after service of the complaint, the motion to disqualify was timely. We disagree.

{¶ 25} The Appellees were aware of Enterprise's role in Hoag's original suit; Enterprise was served with a subpoena in September 2018. In addition, the

Appellees were aware as early as November 30, 2018, that Harvey was alleging he had spoken to Boyer and secured a verbal settlement offer and concessions regarding Enterprise's allegedly improper policies. On November 30, 2018, counsel for Appellees sent a letter to Harvey informing him that the conversation he had with Boyer did not result in either a settlement offer or any concessions. As of the sending of this letter, and likely before, Appellees knew that Harvey and Boyer were the only two individuals who participated in this phone call and the only two who knew what really occurred.

{¶ 26} On May 15, 2019, Hoag filed a complaint alleging that Enterprise had breached their agreement by not honoring the settlement that Boyer allegedly verbally offered. At that point in time, Appellees would have known for certain that Harvey was a necessary witness to this complaint. Instead of filing a motion to disqualify at that time, they delayed.

{¶ 27} As we explained earlier, the Appellees filed a bevy of motions before filing a motion for disqualification.

{¶ 28} On June 13, 2019, the Appellees filed a motion to consolidate CV-18-901705 and CV-19-915376. The motion to consolidate in particular reflects how the Appellees viewed their role in Hoag's lawsuit. The Appellees argued that both lawsuits should be combined because of their shared facts; yet the Appellees claim that since they were not involved in the original suit, they were unaware of Harvey's alleged conversation with Boyer. The motion to consolidate makes clear that the

Appellees were aware of the shared facts and were not caught off guard by the allegations that Harvey had negotiated a settlement that was not honored.

{¶ 29} Appellees' motion practice continued. On June 14, 2019, the Appellees filed their answer to the complaint. Despite being aware of Harvey's role as a witness, they did not raise the issue with the court at this time.

{¶ 30} On June 19, 2019, the Appellees filed a motion to bifurcate Hoag's claims for compensatory and punitive damages, which the trial court granted on July 8, 2019. On August 8, 2019, the counsel of record attended a case management conference. There is no indication in the record that Appellees' counsel raised Harvey's involvement in the case as an issue at that time. During the case management conference, the court ordered that all discovery be completed by December 31, 2019.

{¶ 31} Accordingly, on September 12, 2019, Hoag filed a motion to compel discovery, arguing that the discovery he had received thus far was insufficient. The defendants filed a brief in opposition on September 19, 2019. Then, having done all this, and before the court ruled on the motion to compel, the Appellees filed the motion to disqualify Harvey on September 24, 2019.

{¶ 32} The trial court stated that because the Appellees filed the motion to disqualify only four months after the second complaint was filed, the motion was timely. The trial court also stated that the Appellees were not involved in the original case and therefore could not have known about Harvey's allegations. We find that the trial court abused its discretion because the record reflects that the Appellees

were involved in the original proceeding and were aware of Harvey's allegations well before the second complaint was filed. The Appellees went so far as to move for consolidation of both cases. The Appellees had ample opportunity to file the motion to disqualify but instead chose to delay.

{¶ 33} It is also clear that this delay creates a substantial hardship for Hoag.

**Substantial Hardship**

{¶ 34} When examining whether a motion to disqualify an attorney will create "substantial hardship" we look to the Ohio Supreme Court's decision in *155 N. High v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 650 N.E.2d 869 (1995). There, reviewing the code of professional conduct that predated the current version, the court determined that in order to show substantial hardship, counsel must show "distinctive value." That value can be shown by "proof of specialized expertise." *Id.* at 874.

{¶ 35} Here, Harvey did not demonstrate "proof of specialized expertise." However, we still find that substantial hardship occurred. The Ohio Supreme Court in making its decision in *155 N. High* focused on the rules of professional conduct as they then existed and the purposes behind the rules. The Ohio Supreme Court reasoned that there are three distinct interests served by an attorney acting as both an advocate and a witness: those of the client, those of the adverse party, and the institutional integrity of the legal system as a whole. *Id.* at 872, citing 6 Wigmore, *Evidence*, Section 19 (Chadbourn Rev.1976); *United States v. Johnston*, 690 F.2d

638, 643 (7th Cir.1982). In considering those same interests, we believe that Harvey can protect all three interests while serving as both an advocate and a witness.

{¶ 36} More critically, it is highly unlikely that another attorney will take this case and that will cause Hoag a substantial hardship. The original accident occurred in July 2018. The original complaint has already concluded with a default judgment. There is discovery from the original complaint relevant to this current complaint, and more discovery for this complaint. This is a very involved case with a lengthy history and, given the demanded compensatory damages, it is highly unlikely Hoag can find someone to take the case at this late stage. If Hoag cannot find another attorney, he will be forced to proceed pro se or dismiss the complaint. Those are not just outcomes, especially when Harvey can discharge his duty as an advocate while acting as a witness. Harvey's forced withdrawal would create a substantial hardship.

{¶ 37} Further, Harvey agreed during the hearing to disqualify that he would be willing to bifurcate the trial, splitting the punitive and compensatory damage portions of the trial. His intention is to continue representing his client as best he can, as he has since 2018, and remain as his advocate without acting as a witness for at least a portion of the trial. This highlights Harvey's good faith; removing counsel is a drastic measure. It is not required in this case.

{¶ 38} We find that the trial court abused its discretion and find that Hoag's first assignment of error is well-taken.

{¶ 39} We will next address Hoag's second assignment of error.

**Second Assignment of Error**

> The Trial Court abused its discretion in denying the Appellant's Motion to Compel for business records by improperly classifying them as confidential and otherwise refusing to enforce Ohio Civil Rules 26-36.

{¶ 40} We do not find that this issue is properly before this court because Hoag's motion to compel business records is not a final appealable order.

{¶ 41} R.C. 2505.02 defines a final appealable order as, in relevant part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 42} The trial court's September 26, 2019 order denying Hoag's motion to compel is not a final appealable order. *See generally Burnham v. Cleveland Clinic*, 151 Ohio St. 3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 22.

{¶ 43} Hoag's second assignment of error is not well-taken.

**Conclusion**

{¶ 44} We find that the trial court abused its discretion in granting the Appellee's motion to disqualify. We find that the trial court's decision denying Hoag's motion to compel is not a final appealable order. Judgment is reversed in part and dismissed in part.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR