[Cite as *United States Specialty Sports Assn., Inc. v. Majni*, 2022-Ohio-3035.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

UNITED STATES SPECIALTY SPORTS  :
ASSOCIATION, INC.,

       Plaintiff-Appellee,      :
                                     No. 110830
       v.                     :

CLIFFORD MAJNI, ET AL.,      :

       Defendants-Appellants.   :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, DISMISSED IN PART,
             AND REMANDED
**RELEASED AND JOURNALIZED:** September 1, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-925953

*Appearances:*

REMINGER CO., L.P.A., Brian D. Sullivan, and Brianna
Marie Prislipsky, *for appellee.*

Gertsburg Licata Co., LPA, and Stewart D. Roll, *for
appellants.*

LISA B. FORBES, P.J.:

{¶ 1} Appellants, Clifford Majni ("Majni"), One Nation Athletics, LLC, One

Nation Sports, LLC, and One Nation Slow Pitch, LLC (Majni and the One Nation

entities collectively referred to as "One Nation") and Virteom, LLC ("Virteom")

appeal the trial court's orders granting appellee United States Specialty Sports Association, Inc.'s ("USSSA") motion to compel and denying One Nation's motion to compel. After reviewing the facts of the case and pertinent law, we affirm in part, dismiss in part, and remand to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} USSSA sued One Nation alleging that "Majni (a) improperly competed against USSSA in violation of his non-compete agreement, and (b) misappropriated and misused confidential and personal information of USSSA in violation of his confidentiality agreement," among other things. USSSA alleged that it acquired Global Sports League Softball ("GSL") in February 2014, of which Majni was the chief executive officer. Following the acquisition, Majni served as the Senior Vice President of GSL, a wholly owned subsidiary of USSSA, where he had "access to USSSA records, including but not limited to, team and vendor lists, participant information and registrations, billing information and data." According to USSSA, Majni created One Nation in July 2018 to compete with USSSA. USSSA requested injunctive relief and asserted claims for breach of contract, misappropriation of trade secrets, conversion, unfair competition, tortious interference with business relationship, tortious interference with contract, and unjust enrichment.

{¶ 3} USSSA served a subpoena duces tecum, pursuant to Civ.R. 45, on nonparty Virteom on December 20, 2019. Virteom was a vendor hired by One Nation to develop a new website and database. The subpoena requested documents

related to the relationship between One Nation and Virteom and "any and all content, created for on behalf of Clifford Majni, Global Sports League Nation, Inc., One Nation Sports, LLC, One Nation Slow Pitch, LLC or One Nation Athletics, LLC including all drafts, beta-tested webpages or electronic platforms or databases," among other things.

{¶ 4} USSSA also propounded interrogatories and document requests under Civ.R. 33 and 34 to One Nation on February 14, 2020, seeking documents and information related to the relationship between One Nation and Virteom and to the website and database created for One Nation by Virteom.

**A. The Protective Order**

{¶ 5} The trial court adopted the parties' Stipulated Protective Order, which states in pertinent part:[1]

> 1. Scope. All documents produced in the course of discovery, including initial disclosures, all responses to discovery request, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents") * * * shall be subject to this Order concerning confidential information as set forth below.
>
> 2. Form and Timing of Designation. A Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document * * *. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it

---

[1] In its appellate brief, One Nation claims that it did not consent to the Stipulated Protective Order. However, that issue is not presently before this court for review.

creates thereof, whether electronic or paper, with the applicable designation. * * *.

3. Documents Which May be Designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as * * * trade secrets, * * * or such other sensitive commercial information that is not publicly available * * * shall be subject to this Order concerning confidential information as set forth below. * * *.

* * *

5. Protection of Confidential Material.

(a) General Protections. Documents designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER under this order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action * * *; and

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated C-SUBJECT TO PROTECTIVE ORDER.

* * *

(2) Parties. Parties and employees of a party to this Order.

(Emphasis omitted.)

{¶ 6}   A footnote to paragraph (5)(b)(2) provides for additional protection:

If the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of

an additional category of protection that prohibits disclosure of such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agrees to be bound by the terms of the order.

**B. Discovery Disputes**

{¶ 7} Discovery disputes ensued. On April 20, 2021, the trial court sua sponte ordered One Nation to produce its "'website software or content'" to opposing counsel "in accordance with Footnote 1 to paragraph 5(b)(2)" of the protective order. The trial court found that pursuant to section three of the protective order, One Nation's "'website software or content' may be designated as confidential and, under paragraph 5, counsel and the parties are bound to not disclose such data or information or use 'for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action.'"

{¶ 8} Dissatisfied with One Nation's responses to its discovery requests, on July 2, 2021, USSSA filed a motion to compel One Nation to respond "to its written discovery and to allow access to [One Nation's] online database."

{¶ 9} USSSA asked the court, on August 6, 2020, to compel Virteom to respond to the Virteom subpoena.

{¶ 10} On August 19, 2021, the trial court granted USSSA's motion to compel discovery responses from One Nation. The trial court ordered One Nation "to supplement their responses to [USSSA's] requested discovery and provide [USSSA] with access to the One Nation database pursuant to the protective order * * *." On

the same day, the trial court issued a separate journal entry granting USSSA's motion to compel Virteom to respond to the Virteom subpoena.

{¶ 11} One Nation filed a motion "to compel the deposition of the person in charge of [USSSA's] Information Technology ("IT") Department" on September 3, 2021. The trial court denied One Nation's motion to compel on September 15, 2021.

{¶ 12} One Nation and Virteom appealed the August 19, 2021 and September 15, 2021 journal entries.

## II. Law and Analysis

{¶ 13} One Nation and Virteom raise the following two assignments of error:

The trial court erred in the journal entries journalized on August 19, 2021, granting Plaintiff/Appellee [USSSA's] motion to compel production and access to Defendants' and non-party Virteom, LLC's proprietary database, content, and other trade secrets * * *.

The trial court erred in the journal entry journalized September 15, 2021, denying Defendants' motion to compel the deposition of the head of USSSA's IT Department, and requiring production of the described database, content and other trade secrets on Sunday, September 19, 2021 * * *.

{¶ 14} We review a trial court's decision to grant or deny a motion to compel for an abuse of discretion. *Wolnik v. Matthew J. Messina, DDS, Inc.*, 8th Dist. Cuyahoga No. 88139, 2007-Ohio-1446, ¶ 15. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### A. The August 19 Journal Entries and the First Assignment of Error

#### 1. The August 19 Journal Entries are Final Appealable Orders

{¶ 15} At the outset, we note that USSSA argues on appeal that the August 19 journal entries ordering the production of One Nation's database are not final appealable orders because the protective order in place provides adequate safeguards. This argument is not well taken.

{¶ 16} An order compelling the production of privileged information is final and appealable under R.C. 2505.02(B)(4). *See Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 30. This court has recognized that this rule extends to orders compelling production of allegedly trade secret information. *Harris v. Belvoir Energy, Inc.*, 8th Dist. Cuyahoga No. 103460, 2017-Ohio-2851, ¶ 10; *See also Gibson-Myers & Assocs. v. Pearce*, 9th Dist. Summit No. 19358, 1999 Ohio App. LEXIS 5010, 7 (Oct. 27, 1999) (finding "any order compelling the production of documents which constitute trade secrets is a final appealable order under R.C. 2505.02(B)(4)."); *Armstrong v. Marusic*, 11th Dist. Lake No. 2001-L-232, 2004-Ohio-2594, ¶ 15 (expressly finding a final appealable order when the trial court ordered the production of trade secret information where there was a protective order in place).

{¶ 17} In support of its proposition that the August 19 orders are not final and appealable because "adequate safeguards" are afforded by the protective order, USSSA relies on *Dispatch Printing Co. v. Recovery L.P.,* 166 Ohio App.3d 118, 2006-

Ohio-1347, 849 N.E.2d 297 (10th Dist.). We find that *Dispatch* is not dispositive of the case presently before this court.

{¶ 18} As explained in this court's October 19, 2021 journal entry denying USSSA's motion to dismiss this appeal, the question of whether the protective "order provides sufficient protective protocols to safeguard the appellants' confidential information" goes to the merits of the appeal. The adequacy of the protections afforded were not in question in *Dispatch*. Here, One Nation and Virteom dispute that the protective order is adequate, arguing the materials they have been compelled to produce are not protected by it. *See Organ Cole, L.L.P. v. Andrew*, 10th Dist. Franklin No. 20AP-65, 2021-Ohio-924, ¶ 14 (finding that the appellate court lacked "jurisdiction to review the substance of the trial court's order beyond the 'adequate safeguards' it created").

{¶ 19} Under these circumstances, we find the trial court's August 19 orders to be final and appealable.

### 2. The trial court did not abuse its discretion when it ordered production pursuant to the protective order

{¶ 20} Turning to the first assignment of error, One Nation and Virteom argue that "[t]he orders compelling production of [their] proprietary software, content and their other trade secrets are not protected by the 'Stipulated' Protective Order * * *." Importantly, the trial court's August 19 orders specifically extend the protective order to the productions ordered by the court. The trial court required One Nation to provide access to the "database pursuant to the protective order

entered in this matter," and compelled Virteom "to respond to [USSSA's] subpoena * * * pursuant to the protective order * * *."

{¶ 21} One Nation argues that the protective order does not adequately protect its proprietary software, content, and other trade secrets because the protective order only applies to documents and therefore will not protect its software. We disagree.

{¶ 22} The protective order applies to more than paper documents. In the protective order, the defined term "documents" includes "all responses to discovery requests * * * [and] other materials which may be subject to restrictions on disclosure for good cause * * *." Materials produced in response to a Civ.R. 34 request for production, like the materials One Nation was ordered to produce, are "responses to discovery." *See* Civ.R. 34 (Subject to Civ.R. 26(B), requests for production may properly include requests "to inspect and copy any designated documents or electronically stored information including * * * data compilations stored in any medium from which information can be obtained.").

{¶ 23} Further, the protective order specifically contemplates the production of electronic, nonphysical documents:

> When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

{¶ 24} The trial court specifically ordered that the compelled production was protected by the protective order entered in the case. Under the express terms of that protective order, One Nation may designate its discovery responses and the materials it produces as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," limiting their use and disclosure and requiring their return at the conclusion of the litigation.

{¶ 25} Finally, in addition to the August 19 order, in its April 20, 2021 journal entry, the trial court extended even greater protection to One Nation when it ordered One Nation to produce its "'website software or content'" to opposing counsel "in accordance with Footnote 1 to paragraph 5(b)(2)" of the Stipulated Protective Order. The Protective order, at footnote 1 to paragraph 5(b)(2), allows for additional protection of certain highly sensitive documents by restricting their access to "specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order."

{¶ 26} Virteom argues that because it is not a party to the protective order, the trial court erred by requiring it to produce "its software and trade secrets." Again, we disagree.

{¶ 27} As already recognized, in its August 19 order the trial court expressly directed that Virteom's subpoena responses were to be made "pursuant to the protective order." The trial court thus extended the protective order to include

Virteom's production, limiting the use and dissemination of Virteom's materials, and mandating their return at the conclusion of the litigation.

{¶ 28} Additionally, USSSA issued a subpoena duces tecum to Virteom pursuant to Civ.R. 45 seeking access to its database and software, among other things. "[A] subpoena duces tecum issued to a nonparty pursuant to Civ.R. 45 is subject to the scope of discovery as defined by Civ.R. 26(B)." *Gangale v. Coyne*, 2022-Ohio-196, 183 N.E.3d 1245, ¶ 25 (8th Dist.) That is, materials produced by Virteom in response to the subpoena issued by USSSA will fall within the definition of "documents" as that term is used in the protective order. Pursuant to footnote 1 to paragraph 5(b)(2), Virteom or One Nation may seek additional protection under the protective order for highly sensitive information by restricting their access to "specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order," if the parties stipulate to as much.

{¶ 29} Moreover, nothing in the protective order prohibits One Nation, who is an original party to the protective order, from designating the Virteom production as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." As part of that protective order, USSSA agreed that any documents "produced in the course of discovery" marked by a party as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" "shall not be used or disclosed by the parties * * * for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action * * *."

{¶ 30} Under these circumstances, we find no merit to One Nation and Virteom's arguments that the trial court abused its discretion by compelling production. *See Lima Mem. Hosp. v. Almudallal*, 2016-Ohio-5177, 69 N.E.3d 204, ¶ 67 (3d Dist.) (finding the trial court did not abuse its discretion when it granted a motion to compel the production of trade secrets where there was a protective order in place that adequately protected the trade secret information.); *Compare Majestic Steel Serv. v. DiSabato*, 8th Dist. Cuyahoga No. 76521, 1999 Ohio App. LEXIS 6047, 6 (Dec. 16, 1999) (finding the trial court abused its discretion when it granted a motion to compel with no protective order in place and ordered a nonparty to produce "trade secrets to [the appellee] without affording [the nonparty appellant] any protection").

{¶ 31} Finally, in their first assignment of error, One Nation and Virteom (1) note that the trial court did not require USSSA to identify specifically what it alleged was stolen by One Nation, and (2) invite this court to adopt a procedure rejected by the trial court "without explanation" that was described in a Texas case decided in 1974 for conducting an in camera examination to determine whether any "likely theft" of trade secrets has occurred. Notably, they do not argue that the trial court committed an abuse of discretion in either regard. In support of their observation and request for a new procedure, One Nation and Virteom cite an article and an assortment of cases from other jurisdictions; they cite no Ohio law. Nothing in their concluding observations alters our conclusion that the trial court did not abuse its discretion in granting USSSA's motion to compel.

{¶ 32} One Nation and Virteom's first assignment of error is overruled.

## B. The September 15 Journal Entry and the Second Assignment of Error

{¶ 33} In the second assignment of error, One Nation argues that the trial court erred when it denied "[One Nation's] motion to compel the deposition of the head of USSSA's IT Department, and require[ed] production of the described database, content and other trade secrets[.]"

{¶ 34} To the extent that One Nation argues the trial court erred in requiring the production of its database, that portion of its argument has been disposed of with the first assignment of error.

{¶ 35} Regarding the argument that the trial court erred in denying One Nation's motion to compel the deposition of USSSA's IT director, we find that we do not have jurisdiction to make a ruling because the order in question is not final and appealable.

{¶ 36} R.C. 2505.02 defines a final appealable order in pertinent part as:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action

{¶ 37} An interlocutory order denying a motion to compel discovery is a provisional remedy to which subsection (B)(4) applies. But, the order denying One Nation's motion to compel did not determine the action nor did it deny the appealing party a meaningful or effective remedy. It is, therefore, not a final appealable order. *See Hoag v. Ent. Holdings*, 2021-Ohio-506, 168 N.E.3d 142, ¶ 42 (8th Dist.). None of the other provisions defining a final appealable order even arguably apply to the trial court's denial of One Nation's motion to compel.

{¶ 38} Because the journal entry that is the subject of One Nation's second assignment of error is not a final and appealable order, we do not have jurisdiction to consider it and, therefore, we dismiss One Nation's second assignment of error.

{¶ 39} Judgment is affirmed in part, dismissed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR