[Cite as *SW Acquisition Co., Inc., v. Akzo Nobel Paints, L.L.C.*, 2022-Ohio-3674.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SW ACQUISITION CO., INC.,       :

     Plaintiff-Appellee,      :

                               No. 111327

     v.                        :

AKZO NOBEL PAINTS, LLC, ET AL.,   :

     Defendants,          :

[Appeal by PPG Architectural      :
Finishes, Inc.,

     Defendant-Appellant.]    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 13, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-18-904917

---

### *Appearances:*

Strauss Troy Co., LPA and Philomena S. Ashdown, *for appellee.*

Thompson Hine LLP, Timothy J. Coughlin, Mark R. Butscha, Jr., and Brenna L. Fasko, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant PPG Architectural Finishes, Inc. ("PPG") appeals from an order of the Cuyahoga County Court of Common Pleas denying its motion to disqualify counsel for plaintiff-appellee SW Acquisition Co., Inc. ("SWAC") under Prof.Cond.R. 3.7. PPG contends that the common pleas court abused its discretion in refusing to disqualify SWAC's counsel, attorney Philomena Ashdown and her law firm, Strauss Troy Co., LPA ("Strauss Troy"), from representing SWAC in proceedings before the common pleas court and in a related, yet-to-be-filed arbitration proceeding because (1) attorney Ashdown and Strauss would likely be "necessary witnesses" in the arbitration and (2) attorney Ashdown and Strauss Troy's representation of SWAC in the arbitration would likely "require them to defend (or abandon) their prior work," creating an "inherent conflict of interest" under Prof.Cond.R. 1.7 and 1.9.

{¶ 2} For the reasons that follow, we affirm the common pleas court.

**Procedural and Factual Background**

{¶ 3} In September 2009, Miller Brothers Wallpaper Company, Inc. ("Miller Bros.") and Akzo Nobel Paints, LLC ("Akzo Nobel"), the predecessor-in-interest to PPG, entered into (1) an asset purchase agreement (the "APA"), pursuant to which Miller Bros. purchased certain retail paint stores and other assets from Akzo Nobel, and (2) an authorized dealer agreement (the "ADA"), pursuant to which Miller Bros. became a "semi-exclusive dealer" of certain Akzo Nobel paint products. Strauss Troy represented Miller Bros. in the negotiation, execution and closing of

the ADA and the APA. Attorney Ashdown was not involved in the representation of Miller Bros. in connection with the ADA or APA.

{¶ 4} The ADA contained a broadly worded arbitration provision, which states, in relevant part:

> Any controversy or claim arising out of or relating to this Agreement or breach of this Agreement shall finally be settled by binding arbitration before a single arbitrator (the "Arbitration Tribunal") who will be jointly appointed by the Parties. The Arbitration Tribunal will self-administer the arbitration proceedings utilizing the Commercial Rules of the American Arbitration Association ("AAA"); however, the AAA will not be involved in the administration of the arbitration. The arbitrator must be a retired judge of a state or federal court of the United States or a licensed lawyer with at least ten (10) years of corporate or commercial law experience from a law firm with at least 10 attorneys and at least an AV rating by Martindale Hubbell. If the parties cannot agree on an arbitrator, either party may request, any judge located in Cuyahoga County, Ohio to appoint an arbitrator, which appointment shall be final. The arbitration will be held in Cleveland, Ohio. Each party will have discovery rights as provided by the Federal Rules of Civil Procedure within the limits imposed by the arbitrator; provided, however, that all such discovery will be commenced and concluded within sixty (60) days of the selection of the arbitrator, unless otherwise agreed by the parties. It is intent of the parties that any arbitration will be concluded as quickly as reasonably practicable. * * * This agreement will be enforceable, and any arbitration award will be final and non-appealable, and judgment thereon may be entered in any court of competent jurisdiction.

ADA at ¶ 21.

{¶ 5} Miller Bros. filed for bankruptcy in October 2012. Attorney Ashdown and Strauss Troy represented Miller Bros. in the bankruptcy proceeding.

{¶ 6} The voluntary bankruptcy petition was signed and filed by ttorney Ashdown and was also signed by Miller Bros.' president and sole shareholder, Victor

Wells, who declared "under penalty of perjury" that the information provided in the petition was "true and accurate."

{¶ 7} On Schedule B of its bankruptcy petition, on which Miller Bros. was to list "all [of its] personal property," including "contingent and unliquidated claims of every nature" and the "estimated value of each," Miller Bros. listed a "potential claim against former supplier [Akzo Nobel] for breach of contract." It identified the "[c]urrent [v]alue of [d]ebtor's [i]nterest [i]n [that] [p]roperty" as "0.00." No other claims were listed on the schedule.

{¶ 8} In January 2013, the bankruptcy court approved Miller Bros.' sale of its assets to SWAC. Miller Bros.' bankruptcy case was dismissed in July 2013.

{¶ 9} In September 2013, SWAC filed a complaint in the Hamilton County Court of Common Pleas (the "Hamilton County complaint" or the "Hamilton County action") against Akzo Nobel and John Does 1-10. SWAC averred that it had acquired "all causes of action of Miller Bros." by virtue of its purchase of Miller Bros.' assets during the bankruptcy proceeding and asserted "causes of action" for fraud, breach of contract and punitive damages against the defendants.

{¶ 10} SWAC alleged that Akzo Nobel had fraudulently induced Miller Bros. to enter into the APA by providing false financial information. SWAC further alleged that Akzo Nobel had overbilled Miller Bros. for products purchased and sold pursuant to the APA, had refused to provide Miller Bros. with credits required by the APA, had misquoted prices and costs of materials and had "guaranteed" Miller Bros. "a profit percentage of 28%" on all Akzo Nobel products sold by Miller Bros.

(but had failed to deliver on that guarantee) in breach of the terms of the APA. SWAC also alleged that although Miller Bros. and Akzo Nobel had expressly agreed that Miller Bros. would have "the exclusive right to sell Akzo Nobel products within a specified geographical area," Akzo Nobel had "knowingly" and "intentionally" violated the APA by selling products directly to customers in Miller Bros.' "protected [dealership] area." SWAC claimed that Akzo Nobel's actions caused Miller Bros.' bankruptcy and sought to recover compensatory and punitive damages from Akzo Nobel.

{¶ 11} Attorney Robert Kelly represented SWAC in the Hamilton County action. In October 2013, the case was removed to the United States District Court for the Southern District of Ohio (the "federal case"). Attorney Kelly continued to represent SWAC following removal.

{¶ 12} In December 2013, PPG, successor-by-merger to PPG Architectural Coatings, L.L.C., f.k.a. Akzo Nobel, filed a motion to dismiss and compel arbitration in the federal case. The federal court granted the motion and dismissed the complaint without prejudice. *SW Acquisition Co. v. Akzo Nobel Paints LLC*, S.D. Ohio No. 1:13-cv-785-JW, 2014 U.S. Dist. LEXIS 56813 (Apr. 23, 2014).

{¶ 13} In October 2018, SWAC, then represented by attorney Kelly, filed a complaint against Akzo Nobel, PPG Industries, Inc. and John Does 1-10[1] in the Cuyahoga County Court of Common Pleas. The complaint, which was amended in

---

[1] The John Doe defendants were later dismissed.

December 2018,[2] requested appointment of an arbitrator "to fully and finally resolve all claims between the parties" in accordance with the ADA's arbitration provision. SWAC averred that the claims it sought to arbitrate "included" but were "not limited to" the fraud and breach-of-contract claims it had previously asserted against Akzo Nobel in the Hamilton County complaint. Amended Complaint at ¶ 20. SWAC also averred that the Hamilton County complaint, "which set forth [its] known claims[,] * * *[,] may be amended to include additional items during the course of discovery in the arbitration process." *Id*. at ¶ 21.

{¶ 14} In February 2019, PPG moved to dismiss the amended complaint, arguing that SWAC lacked standing to pursue Miller Bros.' claims or, alternatively, that it should be judicially estopped from seeking the appointment of an arbitrator to resolve its purported claims because such claims had either not been disclosed in the bankruptcy proceeding or had been disclosed with a value of $0 in the bankruptcy proceeding. After SWAC filed a brief in opposition, the common pleas court converted the motion to dismiss into a motion for summary judgment.

{¶ 15} In August 2019, after further briefing, the common pleas court granted summary judgment in favor of PPG, holding that SWAC lacked standing to pursue its claims against PPG and was judicially estopped from bringing its claims against PPG. The common pleas court further held that "the instant dispute [was] not arbitrable."

---

[2] According to SWAC, it amended its complaint, at PPG's request, "to assert in this action[] the claims [SWAC] desire[s] to submit to arbitration." Amended complaint at ¶ 19.

{¶ 16} SWAC appealed. On appeal, this court held that the common pleas court had erred in determining that the potential claims referenced in SWAC's amended complaint were not arbitrable under the provisions of the ADA and had "improperly considered" and "prematurely addressed" PPG's standing and judicial estoppel arguments — "issues that must be resolved by the appointed arbitrator." *SW Acquisition Co. v. Akzo Nobel Paints, L.L.C.*, 2021-Ohio-309, 167 N.E.3d 591, ¶ 38-41, 46-47 (8th Dist.). This court reversed the common pleas court's granting of summary judgment and remanded the case, instructing the common pleas court to

> (1) vacate its order granting summary judgment in favor of PPG; (2) "make an order directing the parties to proceed to arbitration" pursuant to R.C. 2711.03(A); and (3) appoint an arbitrator based on the parties' failure to agree on a jointly-appointed arbitrator as required under the ADA.

*Id.* at ¶ 49.

{¶ 17} On remand, the common pleas court ordered the parties to submit a list of suggested arbitrators. On June 7, 2021, after reviewing the lists submitted by the parties, the common pleas court ordered the parties to arbitrate the matter before one of two named arbitrators, whomever had the first available arbitration date, and to notify the court once the arbitration was scheduled.

{¶ 18} On October 6, 2021, SWAC filed a "motion to substitute/withdraw[] counsel without hearing" requesting that attorney Robert Kelly be permitted to withdraw from the case and that attorney Philomena Ashdown be substituted as its counsel. No explanation was provided in the motion as to the reason for the

withdrawal and substitution of counsel. Two days later, the common pleas court granted the motion. The common pleas court then scheduled a telephone conference for October 21, 2021, at which the parties were to address their failure to comply with the common pleas court's June 7, 2021 order.

{¶ 19} On October 14, 2021, PPG filed a "motion to disqualify new counsel" for SWAC (the "motion to disqualify"), arguing that attorney Ashdown and Strauss Troy should be disqualified from representing SWAC in any proceedings before the common pleas court and in any related arbitration, pursuant to Prof.Cond.R. 3.7, because attorney Ashdown and other attorneys from Strauss Troy would "be subject to discovery" and would be "necessary witnesses" in the arbitration. Specifically, PPG argued that because Strauss Troy had represented Miller Bros. in connection with the negotiation, execution, and closing of the ADA and APA — the basis of the fraud and breach-of-contract claims Miller Bros. sought to arbitrate — and because attorney Ashdown and Strauss Troy had represented Miller Bros. in the bankruptcy proceeding (and had "signed and filed" several bankruptcy documents and "made representations to the bankruptcy court" that were "relevant to [the parties'] dispute" and to PPG's defenses to SWAC's claims) — attorney Ashdown and Strauss Troy would be "necessary" witnesses in the arbitration and, therefore, could not continue their representation of SWAC "in this matter and any related arbitration" in accordance with Prof.Cond.R. 3.7(a).[3] PPG further asserted that disqualification

---

[3] Attorney Ashdown and Strauss Troy also represented SWAC in the prior appeal in this case, *SW Acquisition Co.*, 2021-Ohio-309, 167 N.E.3d 591.

of attorney Ashdown and Strauss Troy would not cause "substantial hardship" to SWAC because attorney Ashdown and Strauss Troy brought no "specialized expertise" to the case ("other than their intertwined involvement in the underlying facts") and because either attorney Kelly or other new counsel could "competent[ly]" and "adequately" represent SWAC.

{¶ 20} In support of its motion, PPG submitted an affidavit from PPG attorney Mark Butscha, Jr., detailing a telephone conversation between attorney Butscha and Attorney Kelly in January 2020 related to what attorney Butscha perceived to be a potential conflict of interest arising out of attorney Ashdown's representation of SWAC in the prior appeal. PPG also pointed to (1) SWAC's original and amended complaint in this action, (2) certain filings from the Miller Bros. bankruptcy proceeding, (3) an unauthenticated "transcript" from a creditor's meeting in the bankruptcy proceeding (which PPG acknowledged was "not proper evidence") and (4) the parties' briefing on PPG's motion to dismiss, PPG's brief in the prior appeal and various court orders.

{¶ 21} SWAC opposed the motion, asserting that (1) PPG lacked standing to seek disqualification of SWAC's counsel based on a conflict of interest and (2) any ruling by the common pleas court on the issue would be "premature" and "outside the purview of [the] court's jurisdiction" because it was "mere speculation" as to whether any Strauss Troy attorneys would be witnesses in the yet-to-be-filed arbitration proceeding and the common pleas court's jurisdiction in the case was "solely to appoint an arbitrator and not to delve into the merits of the case." In

support of its opposition, SWAC attached a printout of the electronic docket from the federal case.

{¶ 22} PPG filed a reply in which it asserted that the common pleas court had jurisdiction to decide the disqualification issue based on the "inherent authority" of courts to prevent ethical violations by attorneys. PPG also claimed that it would be entitled to conduct discovery, and introduce evidence, in the arbitration regarding an unrelated legal malpractice suit that had been filed against attorney Ashdown and Strauss Troy in the United States District Court for the Eastern District of Kentucky, which allegedly arose "from advice they provided about whether the failure to list an asset in a debtor's bankruptcy schedules would preclude later assertion of a claim based on the doctrines of judicial estoppel and fraud on the bankruptcy court" (the "Kentucky legal malpractice action"). In support of their reply, PPG attached copies of select filings from the Kentucky legal malpractice action.

{¶ 23} On December 17, 2021, the common pleas court held oral argument on the motion to disqualify in which the parties, in large part, simply reiterated the arguments set forth in their briefs. No evidence was submitted at the hearing.

{¶ 24} On January 21, 2022, the common pleas court denied PPG's motion to disqualify, concluding that PPG had not met its burden of establishing that attorney Ashdown and Strauss Troy were likely to be necessary witnesses in the arbitration or would be otherwise precluded from representing SWAC in the

arbitration due to a conflict of interest. The common pleas court explained its reasoning, in relevant part, as follows:

> It is the burden of the party moving for disqualification of an attorney to demonstrate that disqualification is necessary. * * * While defendants have shown that testimony from Attorney Ashdown and Strauss Troy is likely to be relevant and highly useful, they have not demonstrated the necessity of that testimony. Others involved in the underlying bankruptcy — for instance, a client representative — may be able to testify as to the meaning of those filings. In addition, it is not clear at this juncture that defendants have attempted to procure the information they need from any other source. Accordingly, the court finds that defendants have not met their burden, and that Attorney Ashdown should not be disqualified from representing plaintiff. Moreover, to the extent that defendants make a separate argument that Attorney Ashdown and Strauss Troy should be disqualified based on a conflict of interest — defendants argue that their representation of plaintiff will require them to either defend or abandon their prior work — the court also finds that argument unavailing. The court will not disqualify Attorney Ashdown or Strauss Troy based on the possibility that their prior work might come into question during the arbitration.

{¶ 25} The common pleas court ordered the parties to select an arbitrator by February 15, 2022. The parties ultimately agreed on an arbitrator and, on February 24, 2022, the common pleas court entered an order, granting judgment "on the relief requested in the amended complaint" and dismissing the case with prejudice. The court stated that "by agreement of the parties," the matters referenced in the complaint were referred to arbitration pursuant to R.C. 2711.03 and that Michael Diamant was appointed as arbitrator "under terms to be agreed upon between Mr. Diamant and the parties."

{¶ 26} PPG appealed, raising the following two assignments of error for review:

First Assignment of Error

The Court of Common Pleas, Cuyahoga County, abused its discretion by denying PPG's motion to disqualify ("Motion to Disqualify") attorney Philomena Ashdown ("Attorney Ashdown") and her firm, Strauss Troy Co., LPA ("Strauss Troy"), under Rule 3.7, Ohio Rules of Professional Conduct (also known as the attorney-as-witness Rule), as new counsel for Plaintiff-Appellee SW Acquisition Co., Inc. ("SWAC") based on the court's untethered finding that the testimony sought from Attorney Ashdown and Strauss Troy "may be" obtainable elsewhere because that finding is purely speculative, went outside the factual record, and is contrary to the record evidence.

Second Assignment of Error

The Court of Common Pleas, Cuyahoga County, abused its discretion by denying PPG's Motion to Disqualify despite the substantial conflicts of interest of Attorney Ashdown and Strauss Troy under Rules 1.7 and 1.9, Ohio Rules of Professional Conduct, presented by their dual roles as advocates and witnesses.

## Law and Analysis

{¶ 27} "'The Ohio Supreme Court exercises exclusive jurisdiction over the admission of lawyers to practice law in Ohio and over the discipline of such lawyers.'" *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶ 14, quoting *Horen v. Bd. of Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883, 882 N.E.2d 14, ¶ 21 (6th Dist.). However, a court has "inherent authority to supervise the members of the bar appearing before it, * * * [which] includes the power to disqualify counsel in specific cases." *Fried v. Abraitis*, 2016-Ohio-934, 61 N.E.3d 545, ¶ 11 (8th Dist.), citing *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34, 501 N.E.2d 617 (1986); and *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 259, 510 N.E.2d 379 (1987). "'[L]ower courts have a duty to ensure that the attorneys who practice before it do not violate the disciplinary rules and those

courts have the inherent power to disqualify an attorney from acting as counsel in a case where the attorney cannot or will not comply with the [disciplinary rules] and such action is necessary to protect the dignity and authority of the court.'" *Carr* at ¶ 15, quoting *Horen* at ¶ 21.

{¶ 28} Because it interferes with a client's right to choose counsel, "'[d]isqualification of an attorney is a drastic measure, which should not be imposed unless absolutely necessary.'" *Hoag v. Ent. Holdings*, 2021-Ohio-506, 168 N.E.3d 142, ¶ 17 (8th Dist.), quoting *Quiros v. Morales*, 8th Dist. Cuyahoga No. 894274, 2007-Ohio-5442, ¶ 15; *see also Gonzalez-Estrada v. Glancy*, 2017-Ohio-538, 85 N.E.3d 273, ¶ 10 (8th Dist.), citing *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 11 (1st Dist.).

{¶ 29} "'While motions to disqualify may be legitimate and necessary under certain circumstances, they should be viewed with extreme caution for they can be misused as techniques of harassment.'" *Hoag* at ¶ 18, quoting *Cliffs Sales Co. v. Am. S.S. Co.*, N.D. Ohio No. 1:07-CV-485, 2007 U.S. Dist. LEXIS 74342, 7 (Oct. 4, 2007), quoting *SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F.Supp.2d 863, 865-866 (S.D.Ohio 2002); *see also A.B.B. Sanitec W., Inc. v. Weinsten*, 8th Dist. Cuyahoga No. 88258, 2007-Ohio-2116, ¶ 12 (motions to disqualify counsel brought pursuant Prof.Cond.R. 3.7(a) "'should be viewed with disfavor because of their potential to interfere with a defendant's right to choose his [or her] own counsel and their strong potential for abuse.'"), quoting *United States v. Poulsen*, S.D.Ohio No. CR2-06-129, 2006 U.S. Dist. LEXIS 68214, 27 (Sept. 12, 2006). The party moving for

disqualification of an attorney bears the burden of proving that disqualification is necessary. *Hoag* at ¶ 19; *Fried* at ¶ 19. We review a lower court's decision whether to disqualify counsel for abuse of discretion. *See, e.g., Hoag* at ¶ 16, citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995); *Mentor Lagoons*, 31 Ohio St.3d 256, 510 N.E.2d 379; *Gonzalez-Estrada* at ¶ 10.

{¶ 30} In its first assignment of error, PPG contends that the common pleas court abused its discretion in denying its motion to disqualify attorney Ashdown and Strauss Troy on the ground that attorney Ashdown and other unidentified Strauss Troy attorneys are likely to be necessary witnesses in the arbitration and that, as such, they are precluded from representing SWAC in the arbitration pursuant to Prof.Cond.R. 3.7.

{¶ 31} In its second assignment of error, PPG argues that the common pleas court abused its discretion in denying PPG's motion to disqualify attorney Ashdown and Strauss Troy based on their "substantial conflicts of interest" under Prof.Cond.R. 1.7 and 1.9. Specifically, PPG contends that attorney Ashdown and Strauss Troy's representation of SWAC creates "an unwaivable conflict of interest" because "the representation is limited by the responsibilities of Attorney Ashdown and Strauss Troy to their former client, Miller Bros.[,] * * * and their own interests." PPG contends that the common pleas court was "alerted" to this conflict "but chose to ignore it" and, thereby, "abandoned its duty to ensure compliance with Rule 3.7 by failing to analyze the conflicts of interest at issue," "prejudicing PPG in its ability to defend against SWAC's claims."

{¶ 32} SWAC responds that the common pleas court properly denied PPG's motion to disqualify because (1) a clearly identifiable nonattorney witness, Stephen Wells, exists, who has knowledge of the claims at issue, and (2) it would be "premature and speculative" to "assume * * * that a conflict would exist" and to disqualify Ashdown and Strauss Troy "when the arbitration complaint has not even been filed" and "when the Trial Court is not and never will be the trier of fact."

{¶ 33} In this case, PPG sought to have the common pleas court disqualify counsel not only in a specific case pending before the common pleas court, but also in a related, yet-to-be-filed, arbitration proceeding.[4] Because it has not been shown that the common pleas court was the appropriate entity to decide the disqualification issue as it relates to the yet-to-be-filed arbitration proceeding, we overrule PPG's assignments of error.

{¶ 34} The scope of the amended complaint in this case was limited. The amended complaint contained a single prayer for relief, seeking the appointment of an arbitrator "to fully and finally resolve all claims between the parties" in accordance with R.C. 2711.03(A) and the ADA's arbitration provision. As alleged in

---

[4] On appeal, PPG argues that the common pleas court abused its discretion in denying its motion to disqualify without distinguishing between attorney Ashdown and Strauss Troy's representation of SWAC before the common pleas court and attorney Ashdown and Strauss Troy's representation of SWAC in the yet-to-be-filed arbitration proceeding. After ruling on PPG's motion to disqualify, the common pleas court granted the relief requested in SWAC's amended complaint and dismissed the amended complaint with prejudice. PPG does not challenge that dismissal on appeal. Accordingly, to the extent PPG contends that the common pleas court abused its discretion in failing to disqualify attorney Ashdown and Strauss Troy from representing SWAC before the common pleas court, that issue is moot, and we do not address it further here.

the amended complaint, this relief was requested because the parties had been "unable to select an arbitrator by agreement" as provided in ADA. Thus, the sole issue before the common pleas court was the appointment of an arbitrator. *See SW Acquisition Co.*, 2021-Ohio-309, 167 N.E.3d 591, at ¶ 38 (where "SWAC's amended complaint did not attempt to invoke the trial court's jurisdiction to address the justiciability of the potential claims that are related to the parties' contractual relationship under the ADA," trial court "exceeded the scope of the discretion afforded to it under R.C. 2711.03 by looking through the petition to compel arbitration to prematurely review whether SWAC had standing to pursue claims that were not before the court").

{¶ 35} No arbitration demand has been filed, no answering statement responding to the arbitration demand has been filed and no discovery has been conducted. As such, it is unknown precisely what claims and what defenses will ultimately be presented for resolution in the arbitration and what evidence may be available to support those claims and defenses.

{¶ 36} In Advisory Opinion 2021-03, the Ohio Board of Professional Conduct opined that this type of disqualification issue should be properly decided by the arbitrator: "[T]he decision whether to permit a lawyer to represent a party in an arbitration when the lawyer will also serve as a necessary witness is within the sole discretion of the arbitrator." Ohio Bd. Prof. Cond. Advisory Opinion 2021-03 at 3 (Apr. 9, 2021).

**{¶ 37}** Because PPG has not shown that the common pleas court abused its discretion in denying PPG's motion for disqualification, we overrule its assignments of error.

**{¶ 38}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR